# UNITED STATES DISTRICT COURT
## for the
### MIDDLE DISTRICT OF FLORIDA
### 11TH CIRCUIT

Edward Jerome Alexander,
Reg.No.05509-104 *Petitioner*

v.  Case No. _____
(Supplied by Clerk of Court)

8:23cv1378 WFJ-MRM

Warden Gunther.FCC Coleman-Low
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

2023 JUN 20 PM 2:11 CLERK US DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA FLORIDA

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: **Edward Jerome Alexander**
   (b) Other names you have used: **N/A**

2. Place of confinement:
   (a) Name of institution: **FCC Coleman-Low**
   (b) Address: **P.O.Box 1031,Coleman,Florida 33521**

   (c) Your identification number: **05509-104**

3. Are you currently being held on orders by:
   ☒ Federal authorities ☐ State authorities ☐ Other - explain:
   **18:922(G)(F) Possession of Firearm By A Convicted Felon**

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you: **United States District Court 400 North Miami Avenue,Miami,Florida 33128-7716**
   (b) Docket number of criminal case: **1:14-cr-20513-RLR-1**
   (c) Date of sentencing:
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*: **N/A**

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☐ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☒ Other *(explain)*: **FSA Credits that I am allowed to receive, and not being properly applied by Unit Team Staff here at Coleman-Low**

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: **FCC Coleman-Low, Coleman, Florida**

   (b) Docket number, case number, or opinion number: **N/A**
   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
   **Failure to apply FSA Credits**

   (d) Date of the decision or action: **N/A**

### Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☐ Yes    ☒ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: **N/A**

       (2) Date of filing:
       (3) Docket number, case number, or opinion number:
       (4) Result:
       (5) Date of result:
       (6) Issues raised:

   (b) If you answered "No," explain why you did not appeal: **There was no Remedy available as I spoke to Unite Team, as well as the Warden regarding this situation.**

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☐ Yes    ☒ No

Page 3 of 9

  (a) If "Yes," provide:
    (1) Name of the authority, agency, or court:   N/A

    (2) Date of filing:   N/A
    (3) Docket number, case number, or opinion number:
    (4) Result:
    (5) Date of result:
    (6) Issues raised:

    N/A

  (b) If you answered "No," explain why you did not file a second appeal: **No Court Action on this matter. This is my First Court action regarding this situation.**

9. **Third appeal**

   After the second appeal, did you file a third appeal to a higher authority, agency, or court?
   ☐ Yes      ☒ No

   (a) If "Yes," provide:
     (1) Name of the authority, agency, or court:   N/A

     (2) Date of filing:   N/A
     (3) Docket number, case number, or opinion number:
     (4) Result:
     (5) Date of result:   N/A
     (6) Issues raised:

   (b) If you answered "No," explain why you did not file a third appeal:   **Same reasons as above**

10. **Motion under 28 U.S.C. § 2255**

    In this petition, are you challenging the validity of your conviction or sentence as imposed?
    ☐ Yes      ☒ No

    If "Yes," answer the following:
    (a)   Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
       ☒ Yes      ☐ No

If "Yes," provide:
(1) Name of court: United States District Court, Southern District
(2) Case number: 1:14-cr-20513-RLR-1
(3) Date of filing: April 6, 2016
(4) Result: Denied
(5) Date of result: N/A (Not Available)
(6) Issues raised: Attorney was Ineffective-The Robbery Conviction was not a Crime Of Violence in The State Of Florida, I also filed a 60B Motion on the same issue of Ineffective Counsel

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☐ Yes    ☒ No
If "Yes," provide:
(1) Name of court: N/A
(2) Case number:
(3) Date of filing:
(4) Result: N/A
(5) Date of result:
(6) Issues raised:

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: The Robbery Conviction was not a Crime Of Violence in The State Of Florida.

11. **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes    ☒ No
If "Yes," provide:
(a) Date you were taken into immigration custody:
(b) Date of the removal or reinstatement order:
(c) Did you file an appeal with the Board of Immigration Appeals?
☐ Yes    ☐ No

If "Yes," provide:
(1) Date of filing:    N/A
(2) Case number:
(3) Result:
(4) Date of result:
(5) Issues raised:    N/A

(d)    Did you appeal the decision to the United States Court of Appeals?
☐ Yes       ☒ No
If "Yes," provide:
(1) Name of court:    N/A
(2) Date of filing:
(3) Case number:
(4) Result:
(5) Date of result:    N/A
(6) Issues raised:

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes       ☒ No
If "Yes," provide:
(a) Kind of petition, motion, or application:    N/A
(b) Name of the authority, agency, or court:

(c) Date of filing:
(d) Docket number, case number, or opinion number:    N/A
(e) Result:
(f) Date of result:    N/A
(g) Issues raised:

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

GROUND ONE: FSA Credits that should be applied to my current confinement, and numerous times attempting to contact Unit Team to rectify the situation and I was informed that it was up to the Warden of the facility for which I am incarcerated. (FCC Coleman_Low)

(a) Supporting facts *(Be brief. Do not cite cases or law.)*: According to the attached LEGAL copy of a Declaration from the COLEMAN COMPLEX Attorney, it is clear that I should be receiving these credits. If you look at page 3, Paragraph 12, it is clear that I should be recieving these credits. Furthermore, on January 13, 2022, The Department of Justice announced that the B.O.P. had finalized the FSA Time Credits Rule, and transmitted it to the Federal Register for Publication. The Final Rule was published on January 19, 2022.

(b) Did you present Ground One in all appeals that were available to you?
☒ Yes    ☐ No
Spoke with Case Manager Agder, Warden Gunther, Assistant Warden Waycaster

GROUND TWO: Robbery in the State of Florida is not a Crime Of Violence, Sales and Delivery on my PSR are over 15 years old, and I received points for these by Unit Team which altered my Custody Level, and Custody Points.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
Refer to my current Case History within this jurisdiction, and the State of Florida, and my Sentry File that the B.O.P. has in their possession which I could not attach to this Motion. Furthermore, I give the Court my permission to obtain a copy of this document from Coleman-Low.

(b) Did you present Ground Two in all appeals that were available to you?
☒ Yes    ☐ No
Spoke to Unit Team without success, and no changes were made to my current custody status.

GROUND THREE:
N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
N/A

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes    ☐ No    N/A

GROUND FOUR:   N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

N/A

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes        ☐ No    N/A

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

N/A

## Request for Relief

15. State exactly what you want the court to do: **The facts are clear, and concise that I am entitled to the credits I rightfully deserve. I have been employed within the Prison Facility, and programmed as directed by Unit Team. These Credits if corrected will change my Release Date significantly, and my Custody Level, which would solidify the basis for this Motion.**
**I sent a letter to the office In Grand Prairie, Texas regarding these issues, and provided Warden Gunther a proper request form with specific details regarding my situation, and the issues with respect to FSA Credits.**

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:
**June 12, 2023**

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:   **June 12, 2023**

*Signature of Petitioner*
**Edward Jerome Alexander**

**N/A**
*Signature of Attorney or other authorized person, if any*

ATTACHMENT (A)

June 12, 2023
djE

## DECLARATION AND CERTIFICATION OF RECORDS BY KENNETH LEE RICHARDSON

I, Kenneth Lee Richardson, hereby declare and state the following in accordance with the provisions of Section 1746 of Title 28, United States Code, under penalty of perjury:

1. I am currently employed by the Federal Bureau of Prisons (Bureau or BOP) as an Attorney assigned to the Consolidated Legal Center ("CLC") FCC Coleman.

2. As part of my duties, I have access to documents and electronic data created and/or maintained by the BOP. These records are made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of the relevant matters.

3. I am aware federal inmate                    , (Petitioner), has filed a habeas petition alleging he is entitled to earn federal time credits ("FTC"). His current release date is with Good Conduct Time ("GCT") ;
   SENTRY Printout, Public Information Inmate Data,

4. Inmate       is a federal inmate presently incarcerated at FCC Coleman, Low. He is currently serving an aggregate sentence of
   of supervised release. Inmate       was sentenced by the District Court of the Federal

5.

6.

1

7. The First Step Act of 2018 (FSA) provides eligible inmates the opportunity to earn 10 or 15 days of time credits for every 30 days of successful participation in Evidence Based Recidivism Reduction Programs (EBRR programs)[1] and Productive Activities (PAs).[2] 18 U.S.C. § 3632(d)(4)(A) (Pub. L. No. 115-391, 132 Stat. 5194 (2018)). The earned credits, known as First Step Act Time Credits (FSA TCs), can be applied toward earlier placement in pre-release custody, such as Residential Reentry Centers (RRCs) and home confinement, or toward a term of supervised release as set forth in 18 U.S.C. 3624(g). 18 U.S.C. § 3632(d)(4)(C). FSA TCs may not be earned for any EBRR that an inmate completed prior to the subchapter's enactment date or during official detention prior to the date the inmate's sentence commenced pursuant to 18 U.S.C. § 3585. 18 U.S.C. § 3632(d)(4)(B). An inmate is ineligible to earn FSA TCs if they are serving a sentence for certain offenses. 18 U.S.C.§ 3632(d)(4)(D).

---

[1] The term "evidence-based recidivism reduction program" means either a group or individual activity that—
   (A) has been shown by empirical evidence to reduce recidivism or is based on research indicating that it is likely to be effective in reducing recidivism;
   (B) is designed to help prisoners succeed in their communities upon release from prison; and
   (C) may include—
      (i) social learning and communication, interpersonal, anti-bullying, rejection response, and other life skills;
      (ii) family relationship building, structured parent-child interaction, and parenting skills;
      (iii) classes on morals or ethics;
      (iv) academic classes;
      (v) cognitive behavioral treatment;
      (vi) mentoring;
      (vii) substance abuse treatment;
      (viii) vocational training;
      (ix) faith-based classes or services;
      (x) civic engagement and reintegrative community services;
      (xi) a prison job, including through a prison work program;
      (xii) victim impact classes or other restorative justice programs; and
      (xiii) trauma counseling and trauma-informed support programs.

18 U.S.C. § 3635(3); *see also* 28 C.F.R. § 523.41(a) ("An EBRR Program is a group or individual activity that has been shown by empirical evidence to reduce recidivism or is based on research indicating that it is likely to be effective in reducing recidivism; and is designed to help prisoners succeed in their communities upon release from prison. EBRR Programs may include, but are not limited to, those involving . . . [certain] types of activities[.]").

[2] "A PA is a group or individual activity that allows an inmate to remain productive and thereby maintain or work toward achieving a minimum or low risk of recidivating." 28 C.F.R. § 523.41(b). The statute defines the term "productive activity" to be "either a group or individual activity that is designed to allow prisoners determined as having a minimum or low risk of recidivating to remain productive and thereby maintain a minimum or low risk of recidivating, and may include the delivery of the programs described . . . to other prisoners." 18 U.S.C. § 3635(5).

ATTACHMENT (A)

8. On January 13, 2022, the Department of Justice announced that the BOP had finalized the FSA time credit rule and transmitted it to the Federal Register for publication. The final rule was published on January 19, 2022. This file rule explains BOP procedures regarding implementation of the specific provisions, including those related to the earning and application of FSA time credits. The updated rules negate the previous method of time credit calculation. Effective January 19, 2022, the BOP will only calculate/apply FSA Time Credits using the procedures specified in the new rule.

9. Eligible inmates who have arrived at their designated institution, received a risk (PATTERN) score, and completed all needs assessments will continually earn FSA Time Credits if they are successfully programming or waiting to program. To continue earing FSA Time Credits (FTC), inmates may not "opt-out" (or choose not to participate in) of programming, leave the institution, be placed in the Special Housing Unit (SHU), or otherwise fail to successfully complete recommended programming.

10. An eligible inmate is not considered to be "successfully programming" in recommended programming or activities in the following situations: when the inmate is in SHU; when the inmate has a designation status outside the institution (e.g., extended medical placement at a hospital, escorted trip, furlough); when the inmate has temporarily been transferred to the custody of another federal or non-federal agency (e.g., writ); when the inmate has been placed on a mental health/psychiatric hold' or when the inmate is "opting-out".

11. If an eligible inmate "opts out" by choosing not to participate in recommended programming, the inmate will not earn FTCs, nor be eligible to use any of the FTCs he/she may have already earned, until the date the inmate "opts in" or chooses to participate in recommended programming again.

12. For every thirty days of successful programming, an inmate who has a PATTERN risk level of Medium or High will earn 10 days of FSA Time Credit. An inmate with a PATTERN score of Low or Minimum and has had that score for a minimum of two consecutive periods may earn an additional 5 days of FSA Time Credit for a total of 15 days per each thirty-day period.

13. Prior to August 31, 2022, all FSA Time Credits were calculated by the Office of Research and Evaluation (ORE) located in the Bureau of Prisons Central Office, in Washington, D.C. Currently, ORE is working with the Correctional Programs Branch on the immediate rollout of FSA Time Credit calculator. The Office of Information Technology (OIT) is building an interface to support full automation of FTC calculation.

14. Eligible inmates have been afforded a period of presumed participation for the period between December 21, 2018 (the date the FSA was enacted), and January 14, 2020, (the date the risk and needs assessment was completed) unless they were in SHU, on writ, at an outside hospital, or in Financial Responsibility Program (FRP) refuse status.

15. The initial policy of the Bureau was that inmates with pending detainer from another agency were not eligible to apply FTCs towards their release date unless and until the

3

16. On March 10, 2023, the Bureau Issued Change Notice ("CN") 2, to Program Statement 5410.01. That change notice modified the Bureau's policy and now inmates are allowed to apply FTCs towards their early release if they have a term of supervised release to follow, or towards pre-release custody, halfway houses, or home confinement, if they otherwise qualify.

18. As stated in 18. U.S.C. §3632(d)(4)(C), which references 18 U.S.C §3624(g)(2)(3), an inmate can only receive a maximum of "not less than 12 months" or 365 days, towards their release on their supervised release term.

20

21. I certify the attached records are true and accurate copies of records maintained by the Federal Bureau of Prisons during its regularly conducted activity and made by the regularly conducted activity as a regular practice: SENTRY Printout, Public Information Inmate Data, I

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 5th day of May 2023.

Kenneth Lee Richardson
CLC Attorney
Federal Correctional Complex
Coleman, Florida

4